IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 JUL -5  AM 11: 44

| | |
|---|---|
| LINDA SUE FOX, | ) |
| | ) |
| Plaintiff; | ) |
| | ) |
| v. | ) Civ. No. 05-364-KAJ |
| | ) |
| STANLEY TAYLOR, PAUL HOWARD, | ) |
| PATRICK RYAN, DARREN CARTER, | ) |
| and SANDRA RAYNE, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 5th day of July, 2005;

IT IS ORDERED that plaintiff's Motion for Appointment of Counsel (D.I. 3) is denied without prejudice to her opportunity to renew such motion if later warranted. Plaintiff, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this Court's discretion, however, to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by

counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed plaintiff's complaint, the Court finds that her allegations are not of such a complex nature that representation by counsel is warranted at this time. The various papers and pleadings submitted by plaintiff reflect an ability to coherently present her arguments.

_____
United States District Judge