IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA SUE FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-364-KAJ |
| | ) |
| COMMISSIONER STANLEY TAYLOR, | ) |
| BUREAU CHIEF PAUL HOWARD, | ) |
| WARDEN PATRICK RYAN, CAPT. | ) |
| DARREN CARTER, and | ) |
| CPL. SANDRA RAYNE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Linda Sue Fox ("Fox"), an inmate at the Plummer Community Correction Center, Wilmington, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. She appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) I now proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the claims against Commissioner Stanley Taylor ("Commissioner Taylor"), Bureau Chief Paul Howard ("Bureau Chief Howard"), Warden Patrick Ryan ("Warden Ryan"), and Capt. Darren Carter ("Carter"), and the verbal abuse claim against Cpl. Sandra Rayne ("Cpl. Rayne") pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

I.  **THE COMPLAINT**

Fox alleges that she was the victim of unprovoked verbal abuse by defendant Cpl. Rayne. Fox alleges that Cpl. Rayne threatened to double and triple sanctions against her if she requested to speak to the shift commander. Fox further alleges that this retaliation was the result of a previous complaint Fox had made to the deputy warden against Cpl. Rayne.

Fox asks the Court to issue a "cease and desist" order to the Department of Correction for the abuse against inmates and retaliatory actions by correctional officers. She also asks the Court to enter an order to investigate the matter.

II. **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal

pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III. **ANALYSIS**

  A. **Pleading Deficiency**

In the caption of the complaint and in the listing of parties, Fox names as defendants Commissioner Taylor, Bureau Chief Howard, Warden Ryan, and Capt. Carter but fails to make any allegations against them. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). As is apparent from their titles, Commissioner Taylor, Bureau Chief Howard, and Warden Ryan all hold supervisory positions, but it is well established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the

operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.*; see *Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, Fox does not associate any of her allegations with Commissioner Taylor, Bureau Chief Howard, Warden Ryan, or Capt. Carter. Hence, it is not clear which of these defendants, if any, were personally involved or had any supervisory liability for the alleged constitutional deprivations.

Based upon the foregoing, I am dismissing the claims against Commissioner Taylor, Bureau Chief Howard, Warden Ryan, and Capt. Carter for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.   Retaliation/Free Speech**

Liberally construing the complaint, Fox alleges that Cpl. Rayne retaliated against her for making previous complaints to the Deputy Warden about Cpl. Rayne. She does

not state a claim, however, for verbal abuse. This is because verbal abuse and harassment do not rise to the level of a constitutional violation. See *Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa. 1993); see also *McBride v. Deer,* 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson,* 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. *Collins v. Cundy,* 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). Therefore, I am dismissing the verbal abuse claim brought against Cpl. Rayne for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.   CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. The claims against Commissioner Taylor, Bureau Chief Howard, Warden Ryan, and Capt. Carter fail to state a claim upon which relief may be granted, and they are DISMISSED without prejudice. The claim against Cpl Rayne for verbal abuse also fails to state a claim upon which relief may be granted and is DISMISSED without prejudice. The foregoing claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of these claims would be futile. See *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading,* 532 F.2d 950, 951-52 (3d. Cir. 1976).

2.  Fox has raised what appears at this point to be a cognizable retaliation claim against Cpl. Rayne. She is allowed to PROCEED with that claim.

IT IS FURTHER ORDERED that:

1.  Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff Linda Sue Fox shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining** defendant, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, Fox has provided the Court with one copy of the complaint (D.I. 2) for service upon the remaining defendant. Furthermore, Fox is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2.  Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

3.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally

serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

4.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6.  **NOTE:** \*\*\* When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

7.  **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE

March 17, 2006
Wilmington, Delaware